UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
GEORGE DAVIS,

    Plaintiff,

vs.                             **COMPLAINT**

HONORABLE JAMES A. PEAKE,
SECRETARY, UNITED STATES
DEPARTMENT OF VETERANS
AFFAIRS,

    Defendant.
-----------------------------------------------------x

**08 CIV. 3570**

**JUDGE ROBINSON**

By and through his counsel, Michael H. Sussman, plaintiff hereby alleges against defendant:

I. **PARTIES**

1. Plaintiff, George Davis, is a 64 year old African-American who resides in this judicial district.

2. Defendant JAMES A. PEAKE serves as Secretary of the United States Department of Veterans Affairs [DVA] and is sued in his official capacity as agency representative for agency action which occurred within this judicial district.

II. **JURISDICTION**

3. In the spring 2007, Plaintiff timely filed informal and then formal claims of illegal discrimination against DVA arising from the denial of two promotional opportunities

4. On August 16, 2007, DVA accepted for investigation the issues, *inter alia*, raised by this lawsuit, to wit, whether it discriminated against plaintiff on the basis of race, sex [not pursued herein], age or reprisal and treated him in a disparate manner when it failed to select

Page -1-

him on March 27, 2007 for two positions, Coordinator, Drug Treatment and Health Service Administrator (Domiciliary).

5. More than six months have now passed and this Honorable Court has jurisdiction of the plaintiff's unresolved complaint of employment discrimination pursuant to 42 U.S.C. sec. 2000e-16, et seq., as well as by and through 28 U.S.C. secs. 1331 and 1343 (3) & (4).

III. **FACTUAL ALLEGATIONS**

6. As relevant herein, by the time he timely applied for the promotions he was not given, plaintiff had worked for DVA for some 22 years as a social worker.

7. Plaintiff met all stated qualifications for the two positions for which he applied and DVA certified him as qualified for both positions.

8. Plaintiff is African American.

9. Plaintiff was 63 years of age at the time he made his applications for the positions in question.

10. Before his non-selection, plaintiff served in the capacity as Union President at Montrose and, then and thereafter, as an advocate on other EEO claims for other workers and for himself.

11. The relevant decision-maker, Gilmore, was fully aware of these activities, as well as of plaintiff's race and age.

12. Gilmore chose two much younger white males for the positions for which plaintiff applied.

12. Neither of the selected candidates had ever served as an advocate for EEO complainants against the agency.

13. The interview panels for both positions were comprised entirely of Caucasians.

14. Both positions for which plaintiff applied were GS-13s.

15. In the relevant region, DVA [and Gilmore specifically] has historically selected very few African-Americans for GS-13 or higher positions.

16. As a VA social worker, plaintiff had significant and longstanding experience in drug treatment programs.

17. The successful white candidate for the drug treatment coordinator position, Quinn, was a much younger, external candidate who lacked plaintiff's familiarity with agency programs and his breadth of experience with the same was less than plaintiff's.

18. As a social worker, Davis had dealt extensively with the homeless veterans' population.

19. The successful candidate for this position, LaMontagne, had much less professional and clinical experience than did plaintiff.

20. LaMontagne's prior work record raised questions about his competence.

21. Like Quinn, he was an external qualified, provided the GS-13 position over a qualified, internal candidate, plaintiff.

22. The person responsible for the both hiring decisions had been directly involved on the other side of EEO matters with the plaintiff.

23. By written policy, DVA claims to hire qualified internal candidates, particularly under-represented minority candidates, over qualified external candidates.

24. Plaintiff was better qualified for both positions than the younger Caucasians selected for the positions.

25. By and through the actions of defendant's agents, plaintiff has suffered pecuniary and non-pecuniary damages.

26. Plaintiff is unable to mitigate his damages within the DVA and leaving that agency is not a viable option for him.

## CAUSES OF ACTION

27. Plaintiff incorporates paras. 1-26 as if fully re-written herein.

28. By denying him promotion on the basis of his age, race and/or his engagement in prior protected EEO activities, defendant violated Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Honorable Court:

a) accept jurisdiction over this matter;

b) empanel jury to hear and decide all legal issues;

c) award plaintiff compensatory damages with pre and post-judgment interest as allowed by law;

d) order defendant to place plaintiff in the next GS-13 position at the Montrose or Castle Point VA facilities for which he is qualified;

e) award to plaintiff the reasonable attorneys fees and costs incurred in the prosecution of this action and

f) enter any other relief which the interests of justice require.

Respectfully submitted,

MICHAEL H. SUSSMAN [MHS-3497]
COUNSEL FOR PLAINTIFF

SUSSMAN & WATKINS
PO Box 1005
Goshen, New York 10924
(845)-294-3991